[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11484
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00292-CR-J-25-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISLA MACHELLE BRUMFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 10, 2009)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Isla Machelle Brumfield, through counsel, appeals her convictions for bank fraud, in violation of 18 U.S.C. § 1344, and fraud with identification documents, in violation of 18 U.S.C. § 1028A. On appeal, Brumfield argues that the district

court erred by denying her motion to suppress a credit card seized following a warrantless search of her person, and that an "alleged confession" she made shortly thereafter should have been excluded as "fruit of the poisonous tree." After thorough review, we affirm.

A ruling on a motion to suppress presents "a mixed question of law and fact." United States v. Steed, 548 F.3d 961, 966 (11th Cir. 2008). We accept the district court's factual findings unless they are clearly erroneous, construing all facts in the light most favorable to the prevailing party below. Id. A factual finding is clearly erroneous if, after reviewing all of the evidence, we are "left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotations omitted). The district court's application of the law to the facts is reviewed de novo. Steed, 548 F.3d at 966.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "[A] basic principle of Fourth Amendment law [is] that searches and seizures inside a home without a warrant are presumptively unreasonable." United States v. McGough, 412 F.3d 1232, 1237 (11th Cir. 2005) (quotation omitted).

Nevertheless, law enforcement officers may search an individual's property without a warrant, as long as the individual voluntarily consents to the search. Schneckloth v. Bustamonte, 412 U.S. 218, 219-22 (1973). "Whether consent is voluntary is a fact question determined according to the totality of the circumstances." Johnston v. Tampa Sports Authority, 530 F.3d 1320, 1326 (11th Cir. 2008), cert. denied, 129 S.Ct. 1013 (2009).

Relevant factors include "whether the person is in custody, the existence of coercion, the person's awareness of [her] right to refuse consent, the person's education and intelligence, and whether the person believes incriminating evidence will be found." Id. The former Fifth Circuit has held that "[t]he mere fact that [the] appellant could see no benefit to [herself] in resisting does not make the act involuntary." United States v. Williams, 647 F.2d 588, 591 (5th Cir. Unit B June 1981).[1] Even so, the government bears the burden of proving an exception to the warrant requirement, United States v. Holloway, 290 F.3d 1331, 1337 (11th Cir. 2002), and must show that the consent was not "a mere submission to a claim of lawful authority." Florida v. Royer, 460 U.S. 491, 497 (1983).

Generally, any evidence obtained by unconstitutional searches and seizures is inadmissible in court and must be suppressed as "fruit of the poisonous tree" for

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all former Fifth Circuit decisions issued before October 1, 1981.

3

the purpose of deterring police misconduct. <u>Wong Sun v. United States</u>, 371 U.S. 471, 487-88 (1963); <u>United States v. Terzado-Madruga</u>, 897 F.2d 1099, 1112 (11th Cir. 1990). An exception to this exclusionary rule is for evidence obtained "by means sufficiently distinguishable [from the illegal conduct] to be purged of the primary taint." <u>Wong Sun</u>, 371 U.S. at 488 (quotation omitted).

Here, a totality of the circumstances supports the district court's finding that Brumfield voluntarily consented to the search and subsequent seizure of an incriminating credit card from her pants pocket. Viewing the evidence in the light most favorable to the government, Brumfield (1) possessed at least a high school education, (2) was aware of her <u>Miranda</u>[2] rights and her right to refuse consent to a search, (3) had access to her cell phone and could have called someone for legal advice, (4) handed the card to an inspector who either asked or demanded to see it, but who never made a show of force to get her to comply, and (5) yielded the card despite its incriminating nature because she knew the inspector saw it sticking out of her back pocket. <u>See</u> <u>Steed</u>, 548 F.3d at 966. The mere fact that Brumfield knew that the credit card was incriminating does not make it "inconceivable" that she voluntarily produced it, especially in light of the inspector's testimony that he saw the CitiBank logo on the card and that Brumfield handed it over without

---

[2] <u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

4

protest with a "deflated" look because she knew she had been caught. See

Johnston, 530 F.3d at 1326-30; Williams, 647 F.2d at 591. Moreover, Brumfield

does not challenge the district court's finding that the inspector made no show of

force in an effort to obtain her compliance. Thus, even interpreting the inspector's

"request" as an "order," any such coercion arguably was minimal under the totality

of the circumstances. Accordingly, the district court did not clearly err by refusing

to suppress the credit card and by finding that it was unnecessary to address

whether her subsequent inculpatory statements were "fruits of the poisonous tree."

We affirm Brumfield's convictions.

**AFFIRMED.**